## A89A1524. CLARK v. THE STATE.
### (386 SE2d 378)

BANKE, Presiding Judge.

The appellant was charged with speeding, following too closely, and driving under the influence. A jury acquitted him of following too closely but found him guilty of speeding and driving under the influence. He appeals. *Held*:

1. The appellant contends that there was no evidence from which the jury could have determined that he was under the influence of alcohol to the extent that he was a less safe driver and that the evidence as a whole was consequently insufficient to support a DUI conviction under OCGA § 40-6-391 (a) (1). This contention is without merit. The arresting officer testified that the appellant had been doing 75 miles per hour in a 55-mile-per-hour zone, that he could not touch his finger to his nose with his eyes closed upon being asked to do so, that he staggered and lost his balance when asked to turn around with his eyes closed, that his speech was slurred, and that he registered .09 on a breathalyzer test administered to him at the scene. Under the circumstances, the jury was not required to believe the appellant's testimony that he had only had two or three beers to drink that day or that his lack of coordination was due to a spinal injury. See generally *Soltow v. State*, 182 Ga. App. 716 (2), 717 (356 SE2d 750) (1987). From the evidence as a whole, a rational trier of fact could reasonably have concluded beyond a reasonable doubt that the appellant was under the influence of alcohol to a degree which rendered him a less safe driver. Accord *Valdez v. State*, 192 Ga. App. 10 (383 SE2d 611) (1989); *Howell v. State*, 179 Ga. App. 632 (1), 634 (347 SE2d 358) (1986); *Barlow v. State*, 158 Ga. App. 500 (280 SE2d 899) (1981).

2. The appellant maintained that he had no way of knowing he was speeding because he was moving with the flow of traffic and his car had no speedometer. He contends that the trial court improperly

undermined this defense by charging the jury on the provisions of OCGA § 40-8-8, which requires that "[e]very motor vehicle operated upon a public street or highway shall be equipped with a speedometer in good working order." We find this contention to be without merit. Generally speaking, ignorance or mistake of fact constitutes a defense to a criminal charge only if it is "honest and real [and] not super-induced by the fault of negligence of the party doing the wrongful act. . . ." 21 AmJur 276, Criminal Law, § 141. See generally OCGA § 16-3-5. Thus, it was entirely appropriate under the circumstances for the jury to be informed that the appellant was under a legal duty to have a working speedometer in his car.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 5, 1989.

*Linda S. Cowen,* for appellant.
*Keith Martin, Solicitor, Jackie N. Stanton, Assistant Solicitor,* for appellee.