A90A1688. CROSS v. THE STATE.
(404 SE2d 633)

Pope, Judge.

Defendant was charged with malice murder, felony murder, involuntary manslaughter and carrying a pistol without a license. He was convicted of involuntary manslaughter and carrying a pistol without a license. He appeals from the denial of his motion for new trial. We affirm.

1. Defendant first challenges the sufficiency of the evidence to

convict him of involuntary manslaughter.[1] Defendant in this case was charged with unlawfully causing the death of a human being "by the commission of an unlawful act other than a felony, to wit: reckless conduct as defined by OCGA Section 26-5-60 (b)." See OCGA § 16-5-3 (a). Defendant does not dispute that he caused the death of the victim here, but contends the evidence is insufficient to show recklessness or criminal negligence on his part. We disagree.

The evidence adduced at trial, construed so as to support the verdict, shows the following: Defendant was employed by Helmswood Apartments as a security guard. He also resided at Helmswood Apartments. On January 15, 1990, defendant was at home when his beeper went off; the code on the beeper indicated to defendant that another security guard was in need of back-up or assistance. Defendant grabbed his gun, which was unloaded, as well as an automatic ammunition loader and proceeded to a pre-arranged location in the apartment complex. Finding no one at the pre-arranged location, defendant then went to the apartment of Wilson Lawrence, who was also employed as a security guard by Helmswood. Lawrence told defendant he had beeped him because he saw someone go into an apartment that was supposedly vacant. Defendant loaded his gun, and he and Lawrence, who was unarmed, walked to the apartment. Both Lawrence and his wife testified that the defendant appeared to be excited.

Defendant instructed Lawrence to put his key in the lock on the door and then step aside. Lawrence testified that defendant was standing in a "firing position" with his gun cocked and pointed towards the door. Lawrence's wife, who witnessed the shooting from a distance, also testified that defendant's gun was pointed towards the apartment door. Lawrence testified he heard someone from inside the apartment call out "who is it," as he put the key in the lock. Lawrence responded "security" and someone began walking towards the door. Lawrence stated that he could feel the victim start to open the door as he released the lock. Lawrence testified the victim opened the door "a little bit," and that defendant's gun immediately discharged, striking the victim in the chest and fatally wounding him.

Defendant also testified at trial. According to defendant, his gun went off accidentally when the victim "snatched open" the door. Defendant could not remember if the gun was cocked, but did testify that the gun was pointed towards the ground, not at the door. Testimony was also presented that a weapon such as defendant's should not be cocked because the danger of accidental discharge is greatly increased.

---

[1] It is undisputed that defendant did not have a license for the weapon he admittedly was carrying.

" 'The jurors must weigh and resolve any conflicts presented by the evidence. The appellate court must view the evidence in the light most favorable to the jury's verdict. (Cit.) Based on the evidence presented at trial, we are satisfied that any rational trier of fact could have found the (defendant) guilty beyond a reasonable doubt.' [Cit.]" *Williams v. State*, 197 Ga. App. 368, 369 (398 SE2d 427) (1990). See also *Kerbo v. State*, 230 Ga. 241 (196 SE2d 424) (1973); *Turnipseed v. State*, 186 Ga. App. 278 (2) (367 SE2d 259) (1988).

2. Defendant next contends the trial court erred in that portion of its charge to the jury defining the offense of reckless conduct. "No objections were made when [the charges or] recharges were given, but neither did the court make any specific inquiry concerning the issue and we consider the merits of the enumeration." *Worley v. State*, 193 Ga. App. 58, 60 (2) (386 SE2d 879) (1989).

The essence of defendant's argument on appeal is that the trial court's charge on reckless conduct suffers from several grammatical imperfections. "[A] charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required." *Clark v. State*, 153 Ga. App. 829, 831 (2) (266 SE2d 577) (1980). "The trial court charged the code sections on reckless conduct, OCGA § 16-5-60, which defines the same, and on felony involuntary manslaughter, OCGA § 16-5-3 (a). Defendant did not ask for any further elaboration of the elements of the charged offenses [either initially or when the court recharged the jury pursuant to its request]. Under these circumstances the court's charge on the elements of the offenses was adequate [if not perfect]." *Turnipseed v. State*, supra at 281-282. See also *Taylor v. State*, 195 Ga. App. 314 (1) (393 SE2d 690) (1990).

3. Defendant also contends that the trial court's charge to the jury on opinion evidence was incomplete. " 'It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. (Cits.)' *Williams v. State*, 249 Ga. 822, 825 (3) (295 SE2d 293) (1982). So considered, the charge presents no error. *Bentley v. State*, 179 Ga. App. 287, 288 (2) (346 SE2d 98) (1986)." *Worley*, supra at 60 (2). In addition, again defendant did not request an elaboration of the charge given.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 11, 1991 —
REHEARING DENIED MARCH 26, 1991 — 

*J. Robert Joiner*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Doris L.*

*Downs, Carl P. Greenberg, Assistant District Attorneys*, for appellee.