A92A0592. SMITH v. THE STATE.
(419 SE2d 74)

JOHNSON, Judge.

Clarence Thomas was attempting to restrain his brother, Leonard Thomas, who was charging at appellant Danny Smith in retaliation for a remark made several weeks earlier which tended to impugn his character. Smith, who thought Leonard might be armed with a gun, fired one round of birdshot from a 20 gauge shotgun at him. Pellets hit both brothers. Smith was indicted on two counts of aggravated assault. Smith's sole defense at trial was justification. A jury found Smith not guilty of aggravated assault on Leonard Thomas, the intended victim, but guilty of aggravated assault on Clarence Thomas. Smith appeals his conviction.

1. Smith contends that since intent was not shown with respect to the assault upon Clarence Thomas, the evidence was insufficient to support the verdict. Smith argues that since the jury found that the assault on Leonard Thomas was lawful, it necessarily follows that he did not possess the requisite intent to commit an aggravated assault on the bystander.

The theory of transferred intent in criminal law has a long history from *Reg. v. Sauders*, 2 Plowd. 473, 75 Eng. Reprint 706 (1576), (18 ALR 923) in which it was pointed out that if a man maliciously shoots an arrow at another with intent to kill him and a person to whom he bore no malice is killed by it, this would be murder for the person who shot the arrow with intent to kill, and is the same offense as to such person as if he had killed the person he aimed at. More recently, this court has held: "When an unintended victim is struck down as a result of an unlawful act actually directed against someone else, the law prevents the actor from taking advantage of his own wrong and transfers the original intent from the one against whom it was directed to the one who actually suffered from it. 'In legal contemplation, the intent follows the act through to its legitimate results.' [Cit.]" *Fussell v. State*, 187 Ga. App. 134, 136 (4) (369 SE2d 511) (1988).

Can the principle of transferred intent be applied in a case, how-

ever, in which the jury finds that the firing of the shot was justified and therefore lawful? "If, in consequence of an assault upon himself which he did not provoke, the accused shot at his assailant, but missed him and the shot killed a bystander, no guilt would attach to him if the assault upon him was such as would have justified him in killing his assailant." *Butler v. State*, 92 Ga. 601, 603 (4) (19 SE 51) (1893). This principle has been followed in *Turner v. State*, 209 Ga. 532 (3) (74 SE2d 459) (1953) and *Olds v. State*, 84 Ga. App. 397 (5) (66 SE2d 396) (1951).

In our case, the jury did find the defendant's actions to be justified. There was no evidence in the record from which one could divine any intent to injure Clarence. Intent being a requisite element of the aggravated assault charge, and no lesser offense (such as reckless conduct) having been charged, we find that there was insufficient evidence upon which to base a conviction as to that offense. Consequently, defendant's conviction must be reversed.

2. Smith also contends that the trial court erred in allowing the State to introduce evidence of criminal charges brought against him in Florida but would not allow him to introduce evidence of his acquittal. In light of our holding in Division 1 above, we need not reach this issue.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED MAY 5, 1992.

*Jay P. Wells*, for appellant.

*John R. Parks*, District Attorney, *Barbara A. Becraft, Assistant District Attorney*, for appellee.