## A92A1286. WILLIAMS v. THE STATE.
(425 SE2d 382)

COOPER, Judge.

Appellant was convicted by a jury of cruelty to children (OCGA § 16-5-70). In his only enumeration of error, appellant contends the trial court erred in its jury charge on the lesser included offense of simple battery (OCGA § 16-5-23).

The victim and appellant both testified that the victim, a 16-year-old boy, was walking with a friend at approximately 2:00 a.m. when another friend and appellant stopped to give them a ride. After dropping the victim's friends off, appellant drove on with the victim, stopping at a nearby cemetery. At this point the stories of the victim and appellant diverge. The victim testified that appellant told him they were waiting for the two friends to get what they wanted and catch up. Appellant suggested they get out of the truck and offered the victim some whiskey. When the victim started to enter the woods to urinate, appellant grabbed him by the hair and hit him several times. Appellant then demanded that the victim perform oral sex on him and threatened to beat him to death if he did not. The victim refused, and appellant hit him, struck his head against tombstones,

threw him to the ground and kicked him repeatedly. Appellant then performed oral sex on the victim and was attempting to engage in anal sex when the headlights of another car containing the victim's friends appeared. Appellant, on the other hand, testified that the victim had requested that appellant pull over at the cemetery so he could urinate. As appellant waited for the victim to return he dozed off and awoke to find the victim's hand in his back pocket where appellant kept his wallet. The victim struck appellant with a stick, and it was only then that appellant hit him back and a struggle ensued until the victim's friends arrived.

Appellant was indicted and tried for aggravated sodomy, attempted aggravated sodomy and cruelty to children. Immediately after charging the jury on the elements of these three crimes, the trial court also instructed the jury on simple battery, a lesser included offense of cruelty to children. The instruction on simple battery consisted solely of the statutory definition of that offense, however, and did not explain to the jury how or when to apply the charge on the lesser included offense. The jury found appellant guilty of cruelty to children but not guilty of aggravated sodomy or attempted aggravated sodomy. Appellant moved for a new trial and appeals from the denial of that motion.

Appellant contends that the trial court's instruction defining simple battery without further explanation created ambiguity and confused the jury. Appellant cannot and does not contend that the statutory definition is an incorrect instruction, however, and " ' "[a] correct instruction to the jury is not subject to exception for failure, in absence of an appropriate request, to embody an additional definitive or explanatory charge." ' [Cits.]" *Phillips v. State*, 142 Ga. App. 581, 582 (3) (236 SE2d 519) (1977). Appellant did not file a request to charge on the lesser included offense. Accordingly, he cannot now complain of the trial court's failure to provide the jury with a better explanation of it. See *Lamb v. State*, 196 Ga. App. 665 (3) (396 SE2d 497) (1990). Moreover, a more thorough explanation of the lesser included offense would have properly contained an instruction to the jury to consider the lesser included offense only *after* it found the accused *not* guilty of the charged offense. See, e.g., *Brownlee v. State*, 155 Ga. App. 875 (5) (273 SE2d 636) (1980). The jury in this case found appellant was guilty of the charged offense beyond a reasonable doubt. Consequently, the trial court's failure to provide a better explanation regarding the lesser included offense, even if error, could not have been harmful and thus could not constitute reversible error. See *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 17, 1992.

*Clements & Clements, Patrick R. Clements,* for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Melodie B. Swartz-baugh, David L. Whitman, Assistant District Attorneys,* for appellee.