## S96A1502. CRAWFORD v. THE STATE.
(480 SE2d 573)

CARLEY, Justice.

The grand jury indicted Kelvin I. Crawford on alternative counts for the malice or felony murder of his wife. The jury in Crawford's first trial returned a guilty verdict on the felony murder count, but, based upon juror misconduct, the trial court granted a new trial. At Crawford's second trial, the jury again found him guilty of felony murder. The trial court entered a judgment of conviction on the guilty verdict and imposed a sentence of life imprisonment. Crawford moved unsuccessfully for a new trial and he appeals.[1]

1. Under the State's evidence, Crawford's wife asked her son and two of his friends to protect her while she moved out of the house, but Crawford became angry, shot at the three unarmed men and they fled. Crawford then dragged his struggling wife into the foyer of their home and intentionally shot her. A rational trier of fact could have found from this evidence proof, beyond a reasonable doubt, of Crawford's guilt of the felony murder of his wife while in the commission of an aggravated assault upon her. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hopkins v. State*, 263 Ga. 354, 356 (1) (434 SE2d 459) (1993).

2. Crawford urges that the trial court erred in failing to give his requested charges on mistake of fact and self-defense. OCGA §§ 16-3-5; 16-3-21. According to Crawford, the charges were authorized by his following testimony: After being assaulted in his house by his knife-wielding stepson and two of his stepson's friends, he fired two shots and they fled, but he was unsure whether all three had left the premises. As he closed and locked the front door, he heard a noise in the direction of the family room. He turned, pointed the gun and fired, before realizing that it was his wife.

---

[1] The crime occurred on November 23, 1993 and the grand jury indicted Crawford on February 24, 1994. The jury in the first trial returned its verdicts on September 20, 1994 and the trial court granted a new trial on October 28, 1994. The jury in the second trial returned its guilty verdict on January 13, 1995 and, on that same day, the trial court entered judgment of conviction and imposed the sentence. Crawford filed his motion for new trial on January 25, 1995 and amended it on March 4, 1996, and the trial court denied it on May 29, 1996. Crawford filed his notice of appeal on June 6, 1996 and this Court docketed the case on June 13, 1996. The parties orally argued the appeal on October 22, 1996.

Crawford relies on the principle of "transferred justification." Under that principle, no guilt attaches if an accused is justified in shooting to repel an assault, but misses and kills an innocent bystander. *Turner v. State*, 209 Ga. 532, 533 (3) (74 SE2d 459) (1953); *Smith v. State*, 204 Ga. App. 173 (1) (419 SE2d 74) (1992). According to Crawford's testimony, however, he did not fire the fatal shots to repel an actual assault, since the purported assault upon him was at an end. Under his testimony, he shot his wife in the mistaken belief that he was repelling a renewed assault by her son. However, a charge on self-defense is not authorized unless the circumstances were such as to excite the fears of a reasonable man that his life was in imminent danger. An unreasonable apprehension or suspicion of harm is insufficient. *McDonald v. State*, 170 Ga. App. 884, 885 (2) (318 SE2d 749) (1984). See also *Brown v. State*, 258 Ga. 152, 153 (2) (366 SE2d 668) (1988). Here, not only was the actual assault at an end, Crawford never saw a gun or other long-range weapon in the possession of any of his former assailants. Therefore, it was not reasonable to interpret the sound that Crawford purported to hear as that of such a weapon being fired or cocked. Moreover, although Crawford claimed to be unsure whether all of his purported assailants had left the premises, he definitely knew that his wife and small child were in the house. Crawford's testimony may be sufficient to authorize a jury to find that, under the circumstances, turning and firing blindly was an act of reckless conduct on his part. See *Cross v. State*, 199 Ga. App. 266 (1) (404 SE2d 633) (1991); *Grimes v. State*, 199 Ga. App. 152, 153 (1) (404 SE2d 324) (1991); *Harshaw v. State*, 134 Ga. App. 581 (1) (215 SE2d 337) (1975). However, the principle of "transferred justification" does not apply if the accused "shot carelessly and in reckless and wanton disregard of the danger resulting to the bystander . . ." *Butler v. State*, 92 Ga. 601, 604 (4) (19 SE 51) (1893). Under Crawford's testimony, his act of turning and firing merely because he heard a noise in a house known to be occupied by his wife and child, without any attempt to determine at whom he was shooting, amounted to criminal negligence and did not authorize a charge on self-defense. See *McDonald v. State*, supra at 885 (2).

Furthermore, any mistake on Crawford's part as to the identity of his intended target was solely the result of his own failure to identify the source of the noise before he fired. "Generally speaking, ignorance or mistake of fact constitutes a defense to a criminal charge only if it is '. . . not superinduced by the fault [or] negligence of the party doing the wrongful act . . .'" *Clark v. State*, 192 Ga. App. 718, 719 (2) (386 SE2d 378) (1989). See also *Jones v. State*, 263 Ga. 835, 839 (2) (439 SE2d 645) (1994). Since, under Crawford's own testimony, the shooting of his wife was the result of his own fault or negligence in turning and firing blindly at an unidentified noise in an

occupied house, there was no error in the trial court's refusal to charge on mistake of fact.

3. Crawford contends that the trial court erroneously excluded evidence showing his stepson's bad character. Relying upon *Milton v. State*, 245 Ga. 20 (262 SE2d 789) (1980), he urges that this evidence was relevant to his justification defense. As discussed in Division 2, however, Crawford failed to make out a prima facie case of self-defense. Compare *Milton v. State*, supra. Moreover, the excluded evidence did not relate to specific acts of violence committed by the victim's son against Crawford or anyone else. See *Lara v. State*, 216 Ga. App. 117 (453 SE2d 137) (1995). Compare *Chandler v. State*, 261 Ga. 402, 407 (3) (b) (405 SE2d 669) (1991). Accordingly, this enumeration of error is without merit.

4. Over objection, the trial court admitted evidence showing that, about four and one-half months previously, the victim made another attempt to move out, but Crawford physically restrained her by pushing and shoving. Contrary to Crawford's contentions, this prior incident was not too remote from the homicide and was relevant to show his bent of mind and tendency towards violence when, as here, his wife attempted to leave him. *Simmons v. State*, 266 Ga. 223, 225 (2) (b) (466 SE2d 205) (1996). See also *McMichen v. State*, 265 Ga. 598, 604 (4) (a) (458 SE2d 833) (1995).

5. Citing *Williams v. State*, 254 Ga. 508, 510 (2) (330 SE2d 353) (1985), Crawford urges that the trial court erroneously permitted a forensic pathologist to give speculative opinion testimony as to the "more logical" of two factually supported scenarios for the homicide. The record shows, however, that Crawford objected only to the "phraseology" of the testimony and acknowledged that the witness could offer explanations about the relative positions of the victim and the gun. When the trial court overruled Crawford's objection, the witness stated that he could not offer an opinion as to which scenario was more logical. Under these circumstances, there was no reversible error. See *Henderson v. State*, 227 Ga. 68, 81 (6) (179 SE2d 76) (1970).

6. Crawford enumerates as error the admission into evidence of his wife's death certificate, on the grounds that it stated she was "shot by another person" and contained the entry "homicide" rather than "accident." See *King v. State*, 151 Ga. App. 762 (2) (261 SE2d 485) (1979). At trial, however, Crawford objected only on the grounds that the death certificate was cumulative and was not authenticated. Thus, the objections raised below are deemed abandoned on appeal and the grounds raised for the first time on appeal need not be considered. *Harris v. State*, 198 Ga. App. 503, 505 (7) (402 SE2d 62) (1991), rev'd on other grounds, 261 Ga. 386 (405 SE2d 482) (1991); *King v. State*, supra at 762 (1). Moreover, even assuming that Crawford properly preserved the grounds raised on appeal, there was no

error, since it was undisputed that a homicide occurred. *Dunn v. State*, 251 Ga. 731, 733 (2) (309 SE2d 370) (1983).

7. Over objection, the trial court permitted counsel for the State to argue to the jury that Crawford fired the first shot as he pulled the victim down the hallway and that he fired the second shot as she struggled on the floor. Crawford's contention is that there was no evidentiary support for this argument. A review of the record shows, however, that the argument was supported by the physical evidence, expert testimony, and an eyewitness' testimony that, after hearing a gunshot, he looked through the front living room window, saw the victim on the floor smeared with blood, with Crawford pointing a gun at her, and then saw Crawford drag her away. "In closing arguments each side is permitted to make any argument which is reasonably suggested by the evidence." *Durden v. State*, 250 Ga. 325, 329-330 (6) (297 SE2d 237) (1982). See also *Wellons v. State*, 266 Ga. 77, 85 (8) (463 SE2d 868) (1995); *Adams v. State*, 260 Ga. 298, 299 (1) (392 SE2d 866) (1990); *Green v. State*, 209 Ga. App. 274, 275 (4) (433 SE2d 383) (1993).

8. The trial court excluded from evidence a photograph which depicted a view through the front living room window of the house. Crawford urges that the trial court erred, because the photograph was admissible to discredit the eyewitness' testimony. In its ruling, however, the trial court pointed out the dissimilarities between the view through the living room window at the time of the homicide and the view depicted by the photograph. We find no reversible abuse of discretion in the trial court's determination that the photograph was not " 'a fair and accurate representation of the scene sought to be depicted.' " *Nash v. State*, 179 Ga. App. 702, 707 (8) (347 SE2d 651) (1986). See also *Seats v. State*, 210 Ga. App. 74, 76 (4) (435 SE2d 286) (1993); *Keith v. State*, 186 Ga. App. 273, 274 (2) (367 SE2d 255) (1988); *Eiland v. State*, 130 Ga. App. 428, 429 (1) (203 SE2d 619) (1973).

9. Crawford urges that, in addition to the charge that the trial court gave on criminal negligence, the court also should have charged that, in the event the jury found that he acted negligently and without criminal intent, it could convict him only for involuntary manslaughter. Crawford did not, however, request such an additional charge, and the given charge on criminal negligence was a correct statement of the law. *Payne v. State*, 195 Ga. App. 523, 524 (3) (394 SE2d 781) (1990); *Lewis v. State*, 180 Ga. App. 369, 371 (3) (349 SE2d 257) (1986). The giving of an otherwise correct charge is not rendered erroneous for lack of an additional explanatory charge, in the absence of an appropriate request. *Williams v. State*, 206 Ga. App. 305, 306 (425 SE2d 382) (1992). Moreover, the trial court's charge not only correctly defined criminal negligence, it did so in terms of reck-

less conduct, and reckless conduct was clearly charged as the predicate for a finding of involuntary manslaughter. Accordingly, there was no error. See *Parks v. State*, 234 Ga. 579, 582-583 (3) (216 SE2d 804) (1975).

10. Crawford urges that the charge erroneously implied that, in the trial court's opinion, the jury reasonably could return a verdict by 5:00 p.m. of that same afternoon. It is clear, however, that the trial court merely indicated to the jury that 5:00 p.m. would be a reasonable time for ending that day's deliberations. By doing so, the trial court did not intimate that it would be unreasonable for the jury to fail to reach a verdict by that time. Since nothing in the trial court's comments can be construed as tantamount to the expression of an opinion or requirement that the jury reach a verdict by a certain time, this enumeration is without merit. *Richardson v. State*, 177 Ga. App. 48, 50 (3) (338 SE2d 506) (1985).

*Judgment affirmed. All the Justices concur, except Hunstein, J., who concurs in Divisions 1, 3, 4, 5, 6, 7, 8, 9, 10 and in the judgment.*

DECIDED JANUARY 21, 1997 —
RECONSIDERATION DENIED FEBRUARY 28, 1997.

*Donaldson, Hall, Martin & Bell, George P. Donaldson III, Mark L. Pickett,* for appellant.

*Britt R. Priddy, District Attorney, Michael J. Bowers, Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.