## A99A2037. WILSON v. THE STATE.
### (527 SE2d 623)

MILLER, Judge.

Bennie J. Wilson was tried before a jury and found guilty of robbery by intimidation (two counts), false imprisonment (two counts), kidnapping (two counts), and aggravated assault. On appeal, Wilson's sole assertion of error contends the trial court erred in refusing to give his written request to charge on "mistake of fact" as a defense to the charge of kidnapping. We agree with the trial court that this request was not adjusted to the evidence and affirm.

OCGA § 16-3-5 provides: "A person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission." If a jury instruction on this Code section is warranted by the evidence, it is reversible error to refuse to give a proper request.[1] Reversible error can occur even if "mistake of fact" is not the sole defense of the accused.[2]

Wilson took the stand, admitted he attempted to break into the Knight residence, and claimed he ran away when he heard voices. As he ran past Knight, Knight "fell back on his leg. . . ." Wilson was afraid he had hurt Knight and even though Knight was hollering "get away from me, get away from me," Wilson felt obliged to assist, telling Knight, "I am going to leave you alone, I will help you up. [Knight] said no, get away from me." Wilson "put [his] arm up under [Knight's] armpit and . . . lifted [Knight] up from the ground." Because Knight was scared, breathing hard, and limping, Wilson insisted on carrying Knight to the porch. Knight again said, "leave me alone."

Wilson argues he was justified in carrying Knight back to the house because he believed Knight had been injured and could not walk. But the truth of that circumstance would not justify Wilson's act of forcibly lifting Knight by the armpit and carrying him, against his will, back to the porch.

"[I]gnorance or mistake of fact constitutes a defense to a criminal charge only if it is 'honest and real (and) not superinduced by the fault [or] negligence of the party doing the wrongful act. . . .' "[3]

Since Wilson's own testimony indicates his misapprehension of fact was the result of his own fault or negligence in committing the burglary and kidnapping, the trial court correctly refused to give an instruction on "mistake of fact" under OCGA § 16-3-5.[4]

---

[1] *High v. State*, 153 Ga. App. 729, 732 (4) (266 SE2d 364) (1980).

[2] *Adcock v. State*, 260 Ga. 302 (392 SE2d 886) (1990).

[3] (Citations omitted.) *Clark v. State*, 192 Ga. App. 718, 719 (2) (386 SE2d 378) (1989).

[4] *Crawford v. State*, 267 Ga. 543, 544-545 (2) (480 SE2d 573) (1997).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 11, 2000.

*David J. Farnham*, for appellant.
*Alan A. Cook*, District Attorney, *Jeffrey L. Foster, Eugene S. Hatcher, Jr.*, Assistant District Attorneys, for appellee.