## A01A0435. SMITH v. THE STATE.
### (550 SE2d 106)

SMITH, Presiding Judge.

Atemious Smith was charged with one count of aggravated assault and one count of criminal damage to property in the second degree. A jury found him guilty of both charges, and judgment of conviction and sentence was entered. His motion for new trial, as amended, was denied, and he appeals. In four enumerations, he challenges the sufficiency of the evidence to support his convictions. We find no merit in these enumerations, and we affirm.

The evidence presented at trial showed that the charges arose out of an incident in which Smith shot the victim. According to the State, Smith, an Atlanta police officer at the time, believed that his wife was having an affair with the victim, who was one of her co-workers. He sought an opportunity for revenge by driving by the victim's home numerous times. On the day of the incident, Smith drove by the victim's home, and the victim fell in behind Smith in his own vehicle. A high speed chase ensued, until Smith drove into a blocked-off street and could go no further. The victim's truck was directly behind Smith's truck. Smith exited his truck, pulled out his service revolver, and began shooting. He then started searching the victim's

---

[10] Id. at 230.

truck, pulled the victim out of his truck, kept asking, "Where is it?"[1] and then asked a bystander to call the police. Smith's defense was justification. He maintained that the victim had previously threatened to kill him, which the victim denied. Police officers who responded to the shooting testified that Smith told them he shot the victim because the victim tried to run him over. But Smith's statement contradicted this. In his statement, Smith said that when the two trucks stopped in the dead-end street, he saw the victim "reach down towards his right," then "come back up with some object in his hand." Because he thought the victim was about to shoot him, he shot at what he believed was "a firearm or some type of weapon." A subsequent search of the victim's truck revealed a tire iron on the passenger side floorboard, but no gun. A second loaded gun was found in Smith's truck. The victim sustained multiple gunshot wounds to his chest, trunk, and abdomen. He sustained damaging, severe internal injuries, underwent seven surgeries, and remained wheelchair-bound at the time of trial.

> A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or to prevent the commission of a forcible felony.

OCGA § 16-3-21 (a). And when a defendant presents evidence of justification, the State has the burden of disproving the defense beyond a reasonable doubt. *Hall v. State*, 235 Ga. App. 44-45 (508 SE2d 703) (1998). But the question of whether the circumstances justified deadly force is a jury question, id. at 45, and in reviewing the jury's verdict, we must construe the evidence in the light most favorable to that verdict. Any conflicts in the evidence are matters of credibility, which are within the jury's province. As long as some competent evidence exists, even if contradicted, to support each element of the State's case, the verdict must be upheld. Id.

Although evidence was presented supporting Smith's version of the facts, competent evidence also existed to support the State's theory, and the jury was authorized to believe that theory and reject Smith's. This court does not weigh the evidence; we only determine

---

[1] One witness testified he heard Smith say to the victim: "I told you I was going to kill you."

its sufficiency. *Moore v. State*, 242 Ga. App. 208 (1) (529 SE2d 210) (2000). Given the conflicting evidence regarding prior threats and Smith's reasons for shooting, as well as Smith's conduct and the absence of a gun in the victim's truck, the jury was authorized to believe that Smith did not act out of fear that "would excite the fears of a reasonable man to the point that he would feel it necessary to use deadly force to prevent death or great bodily injury." *Williams v. State*, 245 Ga. App. 670-671 (1) (538 SE2d 544) (2000). The evidence was sufficient to authorize the jury to find Smith guilty as charged.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED MAY 29, 2001.

*Teresa A. Mann,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney,* for appellee.