## A02A0356. ROBINSON v. THE STATE.

(563 SE2d 919)

RUFFIN, Judge.

A jury found Eddie Robinson guilty of aggravated assault, possession of a firearm during the commission of a crime, and reckless conduct. Robinson appeals, and for reasons that follow, we affirm.

Viewed favorably to support the jury's verdict,[1] the evidence showed that Robinson attended a birthday party on December 27, 1999, at Tiffany's Supper Club in Muscogee County. At some point during the party, Robinson and Ike Murdock, another party guest, began arguing outside the club. According to Murdock, he was angry because Robinson had been trying to talk with his girlfriend. He confronted Robinson, and the two argued and called each other names. Robinson then walked to his truck, retrieved a gun, and "came charging back at [Murdock]." He threatened to kill Murdock and fired several shots into the ground.

By this time, a crowd of 30 to 40 people had gathered outside the club. When Robinson fired into the ground, the crowd scattered, and Murdock froze. Robinson pointed the gun at Murdock, who was not armed. At that point, Murdock's brother, Gus Wyche, tried to disarm Robinson. Wyche grabbed him, and during the struggle, Robinson shot Wyche in the stomach. Robinson then fled the scene in his truck.

Robinson testified at trial that Murdock was the aggressor in the fight and prevented him from leaving the club. According to Robinson, as Murdock advanced on him, he retrieved his gun from his truck and fired a shot into the ground. As Robinson explained: "I didn't want to shoot [Murdock], but I didn't want to get hurt either." Robinson testified that Wyche then jumped him from behind and began choking him. In Robinson's words, he shot Wyche to "get [Wyche] off of [him]." Robinson admitted that no one touched him before he fired his gun.

The State charged Robinson with aggravated assault on Wyche, aggravated assault on Murdock, two counts of possession of a firearm during the commission of a crime, and reckless conduct. Based on the evidence presented, the jury found him guilty of aggravated assault on Murdock, one firearm charge, and reckless conduct, but acquitted him of the other firearm charge and assaulting Wyche.

1. Robinson first argues that because aggravated assault and reckless conduct are mutually exclusive, he could not be convicted of both and is entitled to a new trial. "In this State, if a jury returns verdicts of guilty on two counts of an indictment, and those counts are mutually exclusive, the convictions must be set aside and a new trial

---

[1] See *Ney v. State*, 227 Ga. App. 496 (489 SE2d 509) (1997).

granted."[2] The term "mutually exclusive" means that "a finding of guilt on the essential elements of one count by definition excludes a finding of guilt based on an essential element of another count."[3] Thus, a defendant cannot be convicted of robbery of an automobile *and* theft by receiving that automobile because "an essential element of the crime of theft by receiving is that the goods were stolen by some person other than the accused."[4]

Robinson asserts that aggravated assault and reckless conduct are mutually exclusive because the intent element in one precludes the intent element in the other. As we found in *Huguley v. State*,[5] "in a case of aggravated assault, placing another in fear of receiving a violent injury is the *intended* consequence of the defendant's act, whereas with reckless conduct, the victim's apprehension is a product of the defendant's criminal *negligence*."[6] According to Robinson, the jury could not find that he acted in a criminally negligent manner *and* had the necessary intent to commit aggravated assault. In his view, his conduct "in getting the gun from his truck and firing it [was] either one or the other offense."

The aggravated assault and reckless conduct charges, however, did not involve the same victim. The indictment charged Robinson with committing aggravated assault by threatening Murdock's life with a gun. It also charged him with reckless conduct in endangering the Tiffany's Supper Club patrons by firing a gun outside the club. The jury's conclusion that Robinson intended to assault Murdock by pointing a gun at him did not preclude it from also finding Robinson criminally negligent in firing that gun outside the club, endangering bystanders. Thus, pretermitting whether aggravated assault and reckless conduct might be mutually exclusive in some cases — such as where the crimes involve the same victim[7] — the charges are not mutually exclusive here.[8]

---

[2] *Smith v. State*, 272 Ga. 874, 880 (6) (b) (536 SE2d 514) (2000).

[3] *Gutierrez v. State*, 235 Ga. App. 878, 880 (2) (510 SE2d 570) (1998).

[4] Id. at 800-801.

[5] 242 Ga. App. 645 (529 SE2d 915) (2000).

[6] (Punctuation omitted.) Id. at 648-649 (1) (a); see also OCGA §§ 16-5-21 (a) (2) (defining aggravated assault); 16-5-60 (defining "reckless conduct causing harm to or endangering the bodily safety of another").

[7] See *Sheats v. State*, 210 Ga. App. 622-623 (1) (436 SE2d 796) (1993) (in case involving one victim, court noted that "the jury's finding that [the defendant] committed aggravated assault . . . required a finding of intentional infliction of injury, which precluded the element of criminal negligence in reckless conduct").

[8] See *Smith*, 272 Ga. at 880-881 (voluntary manslaughter and felony murder based on underlying felony of armed robbery are not mutually exclusive because "to convict [the defendant] of felony murder, the jury did not have to find that [the defendant] did not act with an intent to kill, as malice and intent to kill are not elements of the offense of felony murder"); *Gutierrez*, supra at 881 (aggravated assault with a car and hit and run with that same car are not mutually exclusive; despite defendant's arguments, hit and run conviction did not require finding that striking the victim with the car was unintentional).

2. Robinson also argues that he is entitled to a new trial because, when the jury acquitted him of assaulting Wyche, it necessarily found him justified in his actions that night. According to Robinson, the jury further concluded that his conduct was merely negligent, not intentional, undermining the intent necessary for an aggravated assault conviction. At base, he contends that the evidence was insufficient to sustain his conviction for assaulting Murdock.

We disagree. "On appeal, [Robinson's] conviction will be upheld if the evidence, construed favorably to support the verdict, was sufficient to authorize the jury to find him guilty beyond a reasonable doubt of [the] offense[ ]."[9] Based on the evidence presented, such as Murdock's testimony that Robinson charged at him with a loaded gun during an argument, pointed the gun at him, and threatened to kill him, the jury could find Robinson guilty beyond a reasonable doubt of aggravated assault.[10] The jury clearly rejected his justification defense relating to this count, resolving the conflicts in the testimony against him, as it was entitled to do.[11]

Our decision in *Smith v. State*[12] does not change this result. In *Smith*, we found that a defendant who is justified in shooting at his intended victim, and thus not guilty of aggravated assault, also is not guilty of aggravated assault on an innocent bystander accidentally hit during the shooting.[13] This "transferred justification" concept[14] does not apply here. The jury acquitted Robinson of assaulting Wyche, *possibly* finding his actions regarding Wyche justified. Robinson's conduct with respect to Murdock and Wyche, however, was distinct. Construed favorably to the verdict, the evidence showed that Robinson first confronted Murdock with a gun and threatened Murdock's life. Wyche then grabbed Robinson from behind, a struggle ensued, and Robinson shot Wyche. Even if the jury found Robinson justified in defending himself against Wyche, the evidence did not require it to find his separate actions toward Murdock justified.[15]

Furthermore, as discussed in Division 1, Robinson's convictions for aggravated assault and reckless conduct were not mutually exclusive; the jury was authorized to find — and apparently did find — that Robinson not only acted with the requisite intent toward Mur-

---

[9] *Ney*, supra at 497 (1).

[10] See *Bartlett v. State*, 244 Ga. App. 49, 51 (537 SE2d 362) (2000).

[11] See *Smith v. State*, 249 Ga. App. 736, 737-738 (550 SE2d 106) (2001).

[12] 204 Ga. App. 173 (1) (419 SE2d 74) (1992).

[13] See id. at 173-174; see also *Crawford v. State*, 267 Ga. 543, 544 (2) (480 SE2d 573) (1997) (under the principle of transferred justification, "no guilt attaches if an accused is justified in shooting to repel an assault, but misses and kills an innocent bystander").

[14] See id.

[15] See id. (no transferred justification where defendant did not fire fatal shot that hit bystander "to repel an actual assault, since the purported assault upon him was at an end").

dock to support his aggravated assault conviction, but also behaved in a criminally negligent manner toward the bystanders outside the club. His claim that the jury *only* found his use of the gun to be negligent lacks merit.

The State presented sufficient evidence to support Robinson's aggravated assault conviction.[16] Accordingly, his conviction must be affirmed.

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

DECIDED APRIL 10, 2002.

*Michael E. Garner*, for appellant.

*J. Gray Conger, District Attorney, Samuel G. Merritt, Assistant District Attorney*, for appellee.

---

[16] Although Robinson's sufficiency argument is not completely clear, he apparently does not challenge the sufficiency of the evidence supporting his convictions for reckless conduct and possession of a firearm during the commission of a crime. We note, however, that the evidence presented by the State, including that Robinson threatened Murdock's life with a gun and shot the gun in an area crowded with people, was sufficient to sustain these convictions. See *Jack v. State*, 245 Ga. App. 216-217 (1) (536 SE2d 235) (2000); *Cox v. State*, 216 Ga. App. 86, 87 (1) (453 SE2d 471) (1995) (physical precedent only).