## S05A0031. BRITE v. THE STATE.
### (608 SE2d 204)

HUNSTEIN, Justice.

Brion Edwin Brite was convicted of malice murder and other charges arising out of the shooting death of Vasquez Harden and the aggravated assault of Jamar Jackson. He appeals from the denial of his motion for new trial[1] challenging the sufficiency of the evidence and the admission of similar transaction evidence and hearsay evidence regarding that similar transaction. Finding no reversible error, we affirm.

1. The evidence authorized the jury to find that motivated by a prior disagreement, Brite sought out the victim, Vasquez Harden, by inquiring for him first at Harden's home and later locating him at a nearby residence, where Harden told Brite to drop the argument. After Harden returned home, Brite followed and asked Harden's friend, Jackson, to go inside and get the victim so they could talk.

---

[1] The crimes occurred on or about May 9, 2002. Brite was indicted December 17, 2002 in Bibb County on charges of malice murder, felony murder, two counts of possession of a firearm during the commission of a felony, and aggravated assault. He was found guilty of all charges by a jury whose verdict, returned March 25, 2003, was filed April 2, 2003. In an order filed that same day, the trial court merged the felony murder into the malice murder conviction and sentenced Brite to life imprisonment with two consecutive five-year sentences for the possession counts and one consecutive fifteen-year sentence for the aggravated assault. Brite's motion for new trial, filed April 9, 2003 and amended January 20, 2004, was denied March 11, 2004. A notice of appeal was filed April 7, 2004. The appeal was docketed September 3, 2004 and was submitted for decision on the briefs.

Jackson complied. The victim followed Jackson outside and as Jackson was walking away, Brite shot Harden at close range in the eye and on the forehead below the hairline, killing him. Brite also fired several shots at Jackson as he fled. Jackson identified Brite as the shooter from a photographic lineup.

This evidence was sufficient to authorize a rational trier of fact to find Brite guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Brite contends the trial court erred by admitting evidence of the unindicted murder of Eddie Harris as a similar transaction. The State presented evidence that Brite disliked Harris because the victim was dating other women while seeing Brite's mother; that Brite arranged to meet the victim in a remote location; and that Brite shot the victim at close range in the head and set his vehicle on fire. After an eyewitness informed police that the perpetrator of the crimes had been driving a blue truck, the police located a blue truck, with Brite's fingerprints inside, that contained a gas can and cartridges matching those found in the victim's vehicle. When police sought to question Brite about the crimes, Brite attempted to flee from the police and gave a false name; he had burns on his arms and chest and testing established he had fired a weapon within six hours of the homicide.

Evidence of independent offenses or acts may be admitted after the State makes three affirmative showings that (1) it seeks to admit the evidence for an appropriate purpose; (2) there is sufficient evidence that the accused committed the independent act or offense; and (3) there is sufficient connection or similarity between the independent act or offense and the crimes charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). See also Uniform Superior Court Rule 31.3. The trial court admitted the independent offense for the purpose of demonstrating Brite's course of conduct and bent of mind, which are proper purposes under *Williams*. Id. at n. 2. The record supports the trial court's finding that the State presented sufficient circumstantial evidence to prove by a preponderance of the evidence that Brite committed the independent offense. See generally *Allanson v. State*, 235 Ga. 584 (1) (221 SE2d 3) (1975). We do not agree with Brite that the prior act, which was committed in 1997, was too remote in time to be admissible. See *Milton v. State*, 245 Ga. 20 (262 SE2d 789) (1980); *Charo v. State*, 206 Ga. App. 297 (3) (424 SE2d 900) (1992) (four or five years not too remote). Focusing on the similarities, not the differences, between the charged crimes and the prior independent offense, see *Johnson v. State*, 273 Ga. 345 (6) (541 SE2d 357) (2001), the State's evidence showed that both crimes were revenge or "grudge" killings; both victims were shot in the head at point blank range; Brite

used cunning and stealth to lure both victims to the location where he killed them; both killings involved the use of a handgun; and both show a propensity to resort to deadly force with little or no provocation. Thus, we conclude that the State demonstrated sufficient similarity between the charged crimes and the Harris murder and the trial court did not err by admitting the similar transaction evidence. See *Gardner v. State*, 273 Ga. 809 (2) (546 SE2d 490) (2001).

3. Brite contends the trial court erred by admitting hearsay testimony by a police officer regarding a statement made by Battle, a witness to the Harris murder. Brite's sole argument in this regard is that the State failed to prove that Battle was unavailable and that his statement to police had particularized guarantees of trustworthiness. See *Abraha v. State*, 271 Ga. 309 (2) (518 SE2d 894) (1999).[2] We find no merit in Brite's argument that to establish Battle's unavailability, the State was required to produce a record of death certified by a superior court. A copy of a death certificate "when certified by the state registrar or the local custodian shall be accepted as the original record[ ] for all purposes." OCGA § 31-10-24 (a). The copy of Battle's death certificate signed and certified by the county custodian and State vital records registrar pursuant to OCGA § 31-10-1 et seq. constituted prima facie evidence of the fact that Battle was no longer in life. See *King v. State*, 151 Ga. App. 762 (2) (261 SE2d 485) (1979). Evidence was adduced that Battle gave his statement when interviewed by police during the course of the official investigation into the Harris murder; that Battle was offered no reward or other benefit for his statement; that there were no conflicts between Battle's initial oral statement and later written statement to police; and that Battle never disavowed his statement. Under the totality of the circumstances, we find no abuse of the trial court's discretion in determining that the State established the requisite guarantee of trustworthiness for the admission of Battle's statement. See *Johnson v. State*, supra, 273 Ga. at 347 (5). Compare *McCulley v. State*, 273 Ga. 40 (2) (a) (537 SE2d 340) (2000).[3]

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., who concurs in Divisions 1, 3 and the judgment.*

---

[2] Brite does not question that Battle's statement was "relevant to a material fact and more probative of such fact than other evidence." Id. at 313.

[3] Because Brite did not assert any error in the admission of this evidence under *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004) (clarifying the Sixth Amendment Confrontation Clause requirements with respect to testimonial hearsay), we do not address whether *Crawford* applies to hearsay testimony offered regarding similar transaction evidence.

DECIDED JANUARY 24, 2005.

*Jonathan P. Waters*, for appellant.

*Howard Z. Simms, District Attorney, Eugene Felton, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.