A05A1122. DUNSON v. THE STATE.
(621 SE2d 525)

ANDREWS, Presiding Judge.

Eric Dunson appeals from the judgment entered after a jury convicted him of robbery by sudden snatching. He argues that he received ineffective assistance of counsel, that the trial court erred in allowing the lead investigator to remain in the courtroom before he testified, and also erred in giving certain charges to the jury. After reviewing the record, we conclude there was no error and affirm.

---

The evidence at trial, viewed in the light most favorable to the verdict, was as follows. The victim Christopher Barnard testified that he was walking to school on the morning in question when he heard somebody calling to him. He turned and saw Eric Dunson. Dunson walked up to Barnard and asked him if the necklace he was wearing was real. Barnard replied that it was. Dunson then reached up and snatched the necklace from around Barnard's neck. As Dunson walked away, he pulled up his shirt and showed Barnard the gun he was carrying. Dunson told Barnard not to try anything or he would shoot him.

Barnard reported the theft after he got to school. Barnard said that other students who witnessed the incident told him Dunson's name. Barnard identified Dunson from a photographic lineup and identified him at trial as the person who snatched his necklace.

Another student who witnessed the incident testified that she saw Dunson snatch the necklace from around Barnard's neck. The witness said she knew Dunson because she had previously dated him. She said she told Dunson to give the necklace back but he refused. A second student who was present at the robbery testified that she had known Dunson for some time and witnessed him snatching the necklace from Barnard. Another student said Dunson walked up to him that morning and asked him questions about Barnard. The student told Dunson to leave Barnard alone and then walked away. Later, he saw Dunson holding the gold chain.

In his defense, Dunson's cousin testified that he was living with her at the time of the robbery. She said that Dunson was not working and he stayed with her two small children in the morning after she went to work, got them dressed, and took them to day care.

After hearing the evidence, the jury found Dunson guilty of robbery by sudden snatching and not guilty of aggravated assault. This appeal followed.

1. In his first enumeration of error, Dunson claims the trial court erred in allowing the State's investigator to remain in the courtroom during the trial and before he testified. Dunson contends that the State never gave any reason why the investigator was needed at the prosecutor's table during the trial. The transcript shows that the prosecutor requested that the detective be allowed to remain in the courtroom because he was the primary investigator in the case and she wanted him to remain and assist her.

There was no error. The trial court is vested with discretion to make an exception to the sequestration rule when the prosecution requests that the investigating officer remain to aid in the presentation of the State's case. *Norman v. State*, 255 Ga. 313, 316 (338 SE2d 249) (1986).

2. Dunson also argues that the trial court erred in giving the following charge to the jury: "Some, but not all of the factors you may consider in assessing reliability of identification are . . . the level of certainty shown by the witness about his or her identification. . . ." The Supreme Court of Georgia has recently held that the giving of this charge is error. See *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005).

Although the Court in *Brodes* found the error was harmful, the facts in the instant case are distinguishable. In *Brodes*, the only evidence implicating the defendant was the testimony of the two victims who identified the defendant as the robber. Id. The defendant was a stranger to the victims and the robbery occurred at night. One of the victims was unable to pick the defendant's photograph from a photo array and the other victim could only describe the weapon that was used. Id. at 442. Nevertheless, both victims stated at trial that they were positive the defendant was the robber. Id. at 437.

In the instant case, in addition to the victim's identification, there was testimony from other eyewitnesses who already knew Dunson. One of these witnesses talked with Dunson before the robbery and one talked to him after the robbery, asking him to give back the chain. In light of this, we conclude that the error was harmless because "it is 'highly probable that the error did not contribute to the judgment.' " *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. Next, Dunson contends the trial court erred in its charge to the jury on alibi by including the language "the defendant contends," and "[t]he evidence presented with respect to time and place must be such as reasonably excludes the possibility of the presence of the defendant at the scene of the alleged offense." Dunson claims this could be construed by the jury as a comment by the trial court as to what has or has not been proved.

This argument has been rejected in *Chapel v. State*, 270 Ga. 151, 157 (510 SE2d 802) (1998). In that case the trial court gave the pattern charge which included the language "the defendant contends" and the above sentence. The Court held that the charge would be correct and better without the sentence, but found no error because the charge also clearly instructed that the burden of proof rests completely with the State. Id. Likewise, in this case, the court instructed the jury that the "[p]resence of the defendant at the scene of the alleged offenses is an essential element of the crimes set forth in this indictment, and the burden of proof rests upon the State to prove such beyond a reasonable doubt."

4. In his last enumeration of error, Dunson claims that he received ineffective assistance of counsel at trial. To establish ineffective assistance of counsel, Dunson must show that his counsel's

performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Gross v. State*, 262 Ga. 232, 233-234 (1) (416 SE2d 284) (1992). The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. *Gross*, supra. In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990). Further, Dunson must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State*, 201 Ga. App. 66, 69 (8) (410 SE2d 173) (1991).

First, Dunson claims counsel was ineffective because he elicited testimony that Dunson was arrested by a member of the career offender's tracking unit. The transcript shows that after the detective responded that the officer who served the warrant was a member of the career offender's tracking unit, counsel then asked, "Does warrant service for you guys?" And the officer answered, "Pretty much, yes, sir." Even assuming that the subsequent question did not alleviate any negative impression the first answer may have given to the jury, Dunson does not show that the above answer affected the outcome of the trial. Therefore, he has not satisfied the second prong of *Strickland*, supra.

Next, Dunson claims counsel was ineffective because he elicited testimony that Dunson invoked his right to remain silent. The complained-of testimony came when counsel asked the detective what happened after Dunson was arrested. Question: "And you didn't do any further investigation[?]" Answer: "I ... wanted to speak to Mr. Dunson when he was arrested, but he chose not to speak with me, so. . . ." Counsel then stated, "Which is his right to do." And the detective responded, "Oh, yes. Oh, yes." Counsel testified at the motion for new trial that he decided to make the above comment instead of calling attention to the statement by objecting. Counsel's decision not to object to testimony that was already in front of the jury but rather to attempt to mitigate it without calling attention to it is a matter of trial tactics and strategy and does not equate to ineffective assistance of counsel. See, e.g., *Holmes v. State*, 273 Ga. 644, 648 (543 SE2d 688) (2001).

Dunson also argues that counsel was ineffective for failing to object and move for a mistrial when the State improperly cross-examined him about his right to remain silent. On direct examination, Dunson had testified that he learned the police wanted him for questioning. On cross-examination, he repeated this, stating that he

called the police and told them "You got the wrong man." The prosecutor then asked: "But you didn't bring yourself down to the police department[?]"

The State, like any other party, has the right to conduct a thorough and sifting cross-examination and to pursue topics introduced by the defendant. *Wilkey v. State*, 215 Ga. App. 354, 355 (450 SE2d 846) (1994). Dunson opened the door to this line of questioning during his direct testimony. *Smith v. State*, 258 Ga. 181, 182 (366 SE2d 763) (1988); *Hollis v. State*, 191 Ga. App. 525, 528 (382 SE2d 145) (1989). Because an objection to the above testimony would not have been sustained, trial counsel's performance was not deficient.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 16, 2005.

*Steven L. Sparger, Jennifer R. Burns*, for appellant.
*Spencer Lawton, Jr., District Attorney, Margaret E. Heap, Assistant District Attorney*, for appellee.