## A06A1157. PASCO v. THE STATE.
### (635 SE2d 269)

JOHNSON, Presiding Judge.

Alturo Juan Pasco appeals from his conviction for armed robbery. His sole argument is that the trial court, in giving the pattern charge on eyewitness identification, erroneously included language that one factor to be considered by the jury in assessing the reliability of the identification is the level of certainty shown by the witness about his or her identification. The state concedes that under the authority of *Brodes v. State*,[1] the trial court's inclusion of the "level of certainty" language in the charge was erroneous. But, the state argues, the error was harmless in light of all the evidence of Pasco's guilt. We agree with the state's argument and thus affirm Pasco's conviction.

In *Brodes*, the Supreme Court disapproved of the "level of certainty" jury instruction.

> In light of the scientifically-documented lack of correlation between a witness's certainty in his or her identification of someone as the perpetrator of a crime and the accuracy of that identification, and the critical importance of accurate jury instructions as "the lamp to guide the jury's feet in journeying through the testimony in search of a legal verdict," we can no longer endorse an instruction authorizing jurors to consider the witness's certainty in his/her identification as a factor to be used in deciding the reliability of that identification. Accordingly, we advise trial courts to refrain from informing jurors they may consider a witness's level of certainty when instructing them on the factors that may be considered in deciding the reliability of that identification.[2]

The Supreme Court went on to hold that the trial court's giving of the "level of certainty" charge in *Brodes* was harmful error because the only evidence connecting the defendant to the crimes in question was his identification by two victims, one of whom was unable to pick him out of a photo array, while the other was unable to describe any physical characteristics of the perpetrator.[3]

The instant case, however, is materially distinguishable from *Brodes*. Here, the victim testified that at approximately 2:35 one morning she was working in a convenience store when a man came to the window with a gun. The man put a bag over the hand with which

---

[1] 279 Ga. 435 (614 SE2d 766) (2005).
[2] (Footnote omitted.) Id. at 442.
[3] Id.

he was holding the gun, threatened to shoot her and demanded money. She gave him approximately $100 from the cash register, and then saw the man get into a red car and drive away.

She called the police and described the robber as a heavy-set male with his hair in dreadlocks. She also told the police that the man was driving a red car with a license plate that appeared to be 488 TLY. The police subsequently informed a clerk at another nearby convenience store about the robbery, and approximately 20 minutes later that clerk called the police to report that someone matching the robber's description — a heavy-set man with dreadlocks and driving a maroon car — was at his store.

An officer proceeded to the store and on his way he encountered a red car with license plate 488 YXJ. Since the tag on the suspect's similar vehicle also began with the numbers 488, the officer stopped the car and found that it was being driven by Pasco, who matched the description of the robber as heavy-set and with dreadlocks. The victim was immediately brought to the scene of the traffic stop, and without hesitation she identified Pasco as the man who had robbed her about 90 minutes earlier. She also identified the car that he was driving as the car that had been used in the armed robbery. The clerk of the nearby convenience store also testified that Pasco is the man who had come to his store. And Pasco himself admitted that he had been at the second convenience store.

Given that the facts of the instant case are significantly different from those in *Brodes* in that the victim here was able to describe the physical characteristics of the armed robber and there was evidence other than the victim's identification connecting Pasco to the crime — e.g., the car and Pasco's presence at the nearby store shortly after the robbery, we conclude that it is highly probable that the "level of certainty" jury charge did not contribute to the judgment and was thus harmless error.[4]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED AUGUST 3, 2006.

*Linda Malveaux, Agis R. Bray III*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.

---

[4] See *Joyner v. State*, 278 Ga. App. 60, 62-63 (3) (628 SE2d 186) (2006); *Dunson v. State*, 275 Ga. App. 515, 517 (2) (621 SE2d 525) (2005).