## S06A1717. WOODRUFF v. THE STATE.

(637 SE2d 391)

CARLEY, Justice.

After a jury trial, Demarco Antonio Woodruff was found guilty of the malice murder of Michael Evans and possession of a firearm during the commission of a felony. The trial court entered judgments of conviction on the jury's guilty verdicts and sentenced Woodruff to life imprisonment for murder and to a consecutive five-year term for the weapons charge. A motion for new trial was denied, and Woodruff appeals.*

1. Construed most strongly in support of the verdicts, the evidence shows that, five months prior to the alleged crimes, Woodruff's brother was shot to death, and family members believed that Evans was involved in the shooting. Woodruff told Ms. Libra Middlebrooks that he intended to kill Evans, and offered to pay her for information as to his whereabouts. Ms. Decoma Wilson saw Woodruff and two other men approach Evans at her apartment complex. One of them called out the victim's name, he began to run, and the three men opened fire with pistols, causing multiple gunshot wounds resulting in Evans' death. Ms. Wilson had previously met Woodruff and, after the shooting, she noticed his gold teeth while he was laughing. She identified him by his street name from a photographic lineup, as well as in court. After Ms. Wilson talked to police, Woodruff came to her apartment and threatened to kill her if she testified against him. The evidence was sufficient to authorize a rational trier of fact to find Woodruff guilty beyond a reasonable doubt of malice murder and the firearm possession charge. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Harris v. State*, 280 Ga. 372, 373 (1) (627 SE2d 562) (2006); *Brite v. State*, 278 Ga. 893, 894 (1) (608 SE2d 204) (2005).

2. Woodruff contends that the trial court committed reversible error by charging the jurors that, in assessing the reliability of identification testimony, they could consider the witness' level of certainty. That charge clearly violated this Court's recent holding in *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005). However, the State argues that the error is harmless.

The eyewitness in this case, unlike *Brodes*, was not the victim, viewed the crimes in daylight, already knew Woodruff, recognized his

---

* The crimes occurred on July 30, 2001, and the grand jury returned an indictment on April 2, 2002. The jury found Woodruff guilty on May 6, 2004, and, on May 14, 2004, the trial court entered the judgments of conviction and sentences. The motion for new trial was filed prematurely on May 12, 2004, amended on January 17, 2006, and denied on April 14, 2006. Woodruff filed a notice of appeal on May 8, 2006. The case was docketed in this Court on June 15, 2006 and submitted for decision on August 7, 2006.

gold teeth, and identified him in a photographic lineup by his street name. See *Pasco v. State*, 281 Ga. App. 5 (635 SE2d 269) (2006); *Dunson v. State*, 275 Ga. App. 515, 517 (2) (621 SE2d 525) (2005). Compare *Brodes v. State*, supra at 442. Moreover, there was other significant evidence corroborating the eyewitness identification, including the testimony of Ms. Middlebrooks and of two other witnesses who were present at the crime scene. See *Jones v. State*, 273 Ga. 213, 218-219 (3) (b) (539 SE2d 143) (2000) (cited with approval in *Brodes v. State*, supra at 436, fn. 2); *Pasco v. State*, supra. Compare *Brodes v. State*, supra at 442. Furthermore, the trial court accurately instructed the jury as to the State's burden of proving Woodruff's identity beyond a reasonable doubt and the possibility of mistaken identification, as well as several other relevant considerations. *Jones v. State*, supra at 219 (3) (b). Therefore, we conclude that the error in the jury charge on level of certainty was harmless, because it is highly probable that such charge did not contribute to the verdict. *Pasco v. State*, supra; *Dunson v. State*, supra.

3. Woodruff further contends that the trial court erred in refusing to give a jury charge on voluntary manslaughter as a lesser included offense of malice murder. Although Woodruff presented an alibi defense, he did request a voluntary manslaughter instruction based upon the State's theory that Woodruff acted in retaliation for his brother's death. As already noted, that purported provocation occurred five months prior to the homicide in this case. Woodruff argues that the jury is the sole arbiter of what amounts to a sufficient cooling off period. However, the great length of that period here clearly authorized the trial court to conclude as a matter of law that Evans' suspected involvement in the death of Woodruff's brother did not constitute even slight evidence of provocation. *Harris v. State*, supra at 373 (2); *Hatchett v. State*, 259 Ga. 857, 858 (1) (388 SE2d 694) (1990); *Aldridge v. State*, 258 Ga. 75, 76 (2) (365 SE2d 111) (1988), overruled on other grounds, *Smith v. State*, 263 Ga. 224, 226 (4) (430 SE2d 579) (1993).

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 2006.

*Steven E. Phillips*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.