## A06A2187. CREAMER v. THE STATE.
(638 SE2d 832)

JOHNSON, Presiding Judge.

A jury found Billy Creamer guilty of four counts of aggravated assault and possession of a firearm during the commission of a crime in connection with a drive-by shooting. In a one-page argument, Creamer contends the trial court erred in giving the "level of certainty" portion of the jury charge on the reliability of eyewitness identification. He argues that the "level of certainty" portion of this charge contravenes the recent holding in *Brodes v. State*.[1] However, Creamer himself requested the very charge containing the "level of certainty" language.

The record shows that Creamer's counsel orally requested a "standard request to charge" on the reliability of eyewitness identification. The trial judge stated that he would give the charge if Creamer's counsel requested it. The assistant district attorney then asked to hear the standard charge, and the trial judge allowed both Creamer's counsel and the state to read and review the pattern charge. No objections to the charge were raised at this time. After the charge was read to the jury, Creamer's counsel objected to the "level of certainty" portion of the jury charge, but did not request the trial court to recharge the jury. The trial court specifically noted that Creamer's counsel was the one who requested the jury charge. Creamer's counsel acknowledged that he had requested the charge, but stated that he "just . . . didn't see that."

Pretermitting whether Creamer is procedurally barred from arguing that the jury charge, given in accordance with his own request, constitutes reversible error,[2] we find it highly probable that any error in the giving of the charge did not contribute to the judgment. The "level of certainty" portion of the identity charge was therefore harmless.

In *Brodes*, the Supreme Court of Georgia disapproved jury charge language informing jurors they may consider a witness's level of certainty when instructing them on the factors that may be considered in deciding the reliability of that identification.[3] In that case, the only evidence linking Brodes to the crimes was the eyewitness identification of him by the two victims, one of whom was unable to pick Brodes' photo in a photo array, and the other of whom was able to give a description of the weapon but was unable to give any

---

[1] 279 Ga. 435 (614 SE2d 766) (2005).

[2] See *Zellars v. State*, 278 Ga. 481, 485 (7) (604 SE2d 147) (2004); *Walker v. State*, 280 Ga. App. 457, 462 (5) (634 SE2d 93) (2006); *Morton v. State*, 276 Ga. App. 421, 423-424 (3) (623 SE2d 239) (2005).

[3] *Brodes*, supra at 442.

physical characteristics of the perpetrator.[4] Here, in contrast, the state did not rely upon eyewitness identification alone, but presented other independent evidence linking Creamer to the crime. Besides eyewitness identification from three victims who personally knew Creamer, witnesses also described the vehicle involved in the drive-by shooting, identified the driver of the vehicle, and gave details regarding the incident. These details were corroborated by another witness at the scene and by the driver of the car, who also identified Creamer as the shooter.

Under these circumstances, the "level of certainty" portion of the identity charge was harmless because it is highly probable that the error did not contribute to the judgment.[5]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 15, 2006.

*Gerald P. Privin*, for appellant.
*Leigh E. Patterson, District Attorney, Suhirjahaan S. Morehead, Assistant District Attorney*, for appellee.

---

[4] Id.

[5] See *Joyner v. State*, 278 Ga. App. 60, 62-63 (3) (628 SE2d 186) (2006); *Dunson v. State*, 275 Ga. App. 515, 517 (2) (621 SE2d 525) (2005).