## A07A1459. PAGE v. THE STATE.

(651 SE2d 131)

BARNES, Chief Judge.

Richard D. Page appeals from his conviction for burglary and theft by taking. Following the denial of his motion for a new trial, he contends that trial counsel was ineffective in failing to object to the introduction of character evidence, that the trial court erred in its jury instruction on identification, and that the trial court erred in sentencing. We affirm the conviction but vacate the sentence and remand for resentencing.

On appeal, we view the evidence "in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence." (Citation and punctuation omitted.) *Williams v. State,* 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). So viewed, the evidence demonstrates that on February 5, 2007, a man later identified as Page entered a house under renovation owned by the victim. Two electricians were present in the house when Page arrived in an old car and told them that the victim had hired him to do some painting. Page remained in the house for 15 minutes, interacting with both electricians, then said he was borrowing the victim's electric saw and would return it later. One of the electricians called the victim, who reported that he had not hired a painter and contacted the police who took a statement. Later that afternoon, the victim installed an alarm in the house he was renovating, which was programmed also to ring in the victim's residence two doors down.

At 3:00 the next morning, the alarm went off, and the victim ran down the street to his other house. He saw someone run out of the house and get into a car matching the description the electrician gave earlier. The victim got into his own car and gave chase. When he pulled up behind the car at a traffic light, he recognized Page's "distinctive look." When Page pulled into an apartment complex, the victim waited for the police by the entrance and gave the responding police officers a partial tag number and description, but the officers did not find the car. The victim gave a statement, and the officer discovered signs of entry in the house under construction.

Two days later, the victim saw Page driving the same car, called 911, and relayed the car's description and license plate number, which matched the partial description he had given previously. Using the license number, a detective contacted the owner of record who said he sold the car to Page. The detective included Page in a photographic lineup and the electricians identified him as the man who had taken the saw. The victim identified Page as the man he had seen running from his house, and all three identified Page at trial.

1. Page initially claims his trial counsel was ineffective in failing to object to a witness's response that introduced character evidence. During cross-examination of the lead detective, Page's trial counsel asked:

> Q: Do you have any — well, of course, the vehicle was not in Mr. Page's possession when he was arrested, was it?
> A: I'm not sure. When he was arrested, he was arrested on probation violation and I'm not sure on who — which officer arrested him.

Page contends his trial counsel was ineffective in not objecting and obtaining a mistrial.

To prevail on his claim of ineffective assistance of counsel, Page must establish that his trial counsel's performance was deficient and that a reasonable probability exists that the outcome of the trial would have been different absent the deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Anthony v. State*, 275 Ga. App. 274, 279 (6) (620 SE2d 491) (2005). He must overcome a strong presumption that trial counsel's performance fell within the wide range of reasonable professional assistance. *Smith v. State*, 234 Ga. App. 586, 588 (1) (506 SE2d 406) (1998). We will not disturb a trial judge's findings on this subject unless they are clearly erroneous. *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

Trial counsel testified that he made the tactical decision to move on rather than object and draw the jury's attention to the detective's response because he doubted the judge would grant a mistrial. A trial counsel's decision not to object to statements that might have impugned the defendant's character is a tactical one, and the trial court properly found that Page's trial counsel was not ineffective. *Smith*, supra, 234 Ga. App. at 588-589 (1) (a) (ii).

2. Page also claims that the trial court's use of the "level of certainty" portion of the charge on evaluating eyewitness testimony was reversible error, per *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005). "In light of the scientifically-documented lack of correlation between a witness's certainty in his or her identification of someone as the perpetrator of a crime and the accuracy of that identification," the Supreme Court of Georgia has advised trial courts "to refrain from informing jurors they may consider a witness's level of certainty . . . in deciding the reliability of that identification." Id. at 442. While giving that portion of the charge is error, the question in this case is whether it was harmful error.

The instruction was harmful in *Brodes* because the witnesses could not identify Brodes in a photographic array, had given the police

no physical description of the perpetrator, and were under stress while being robbed at gunpoint in the night time. The identification evidence was the only evidence against Brodes, and the prosecuting attorney repeatedly solicited and emphasized the witnesses' later "absolute certainty" that Brodes was the robber. Id. at 435, 442. On the other hand, giving the instruction was not harmful error if the witness was not the victim, the crime took place in daylight, the witness had identified the defendant in a photographic lineup, and significant evidence corroborated the eyewitness testimony. *Woodruff v. State*, 281 Ga. 235, 236 (2) (637 SE2d 391) (2006).

In this case, the erroneous charge was harmless because it is highly probable that it did not contribute to the verdict. Page interacted with the electricians at close range during daylight. He did not use a weapon or otherwise threaten them, and the electricians described him to the police. Both eyewitnesses and the victim identified Page in a photographic lineup and in court. *Creamer v. State*, 282 Ga. App. 411, 412 (638 SE2d 832) (2006).

3. Finally, Page claims that the trial court erred in sentencing him to 20 years without the possibility of parole. During the sentencing phase, the trial court concluded that it was required to sentence fifth-time recidivist Page to the maximum of 20 years and that, under OCGA § 17-10-7 (c), it had no discretion to probate or suspend any portion of that sentence. This conclusion was erroneous.

"OCGA § 17-10-7 (a) *required* the trial court to impose the maximum sentence but gave it discretion to probate or suspend part of that sentence. Subsection (c), which prohibits *parole*, did not take away that discretion," but required that upon the fourth and subsequent felony convictions, the defendant must serve the entire sentence imposed without the possibility of parole. *Bradshaw v. State*, 237 Ga. App. 627, 629-630 (2) (516 SE2d 333) (1999); *Banks v. State*, 225 Ga. App. 754, 757 (5) (484 SE2d 786) (1997). Accordingly, Page's sentence is vacated and this case is remanded for resentencing in accordance with this opinion. The trial court has the authority to reimpose the sentence of 20 years to serve, but must show on the record that it exercised its discretion in doing so.

*Judgment of conviction affirmed, sentence vacated, and case remanded for resentencing. Smith, P. J., and Miller, J., concur.*

DECIDED AUGUST 9, 2007.

*Richard M. Darden*, for appellant.

*Spencer Lawton, Jr., District Attorney, Margaret E. Heap, Assistant District Attorney*, for appellee.