## A08A0767. HAMILTON v. THE STATE.
### (662 SE2d 759)

ADAMS, Judge.

Terrell Hamilton appeals from the conviction and sentence entered against him on August 15, 2001; his motion for new trial was denied on May 14, 2007. He was convicted of aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.

1. Hamilton contends the evidence was insufficient to support the convictions.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

(Citations and punctuation omitted.) *Brown v. State*, 265 Ga. App. 613 (594 SE2d 770) (2004). To sustain a conviction, the evidence must be sufficient to enable a rational trier of fact to find the appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Construed in favor of the verdict, the evidence shows that Terry Snell was shot five times in the chest and abdomen and suffered serious injuries including paralysis below the waist. There were four witnesses to the shooting: Sheronda Parker; Ebony Davis; Desiray McCrary; and Deandrea Troupe. The shooting took place outside Parker's residence. The witnesses said that Hamilton and a man named "Pat" were present at the time of the shooting. But all four witnesses identified Hamilton from a photographic lineup as the shooter. A detective unsuccessfully searched police databases for the other man; and the police did not further pursue this suspect.

Parker testified that Snell and Hamilton had been in an argument on the porch outside her apartment. Snell repeatedly said that he and Hamilton "could take [the argument] to the 4th Ward . . . and

. . . settle it and handle it over there." Shots then rang out and Snell fell onto Parker, knocking her down. Another shot was fired, although Parker never saw a gun. Hamilton and Pat then ran. Parker identified Hamilton in court as the person who shot Snell. She had known him for at least two weeks, or possibly longer, prior to the shooting.

McCrary testified that she saw Hamilton lift his hand out of his shirt — indicating for the jury how he did it, but she did not see a gun. She then heard two shots. McCrary had known Hamilton for three months prior to the shooting. Davis testified that the confrontation between Snell and Hamilton had become heated right before the shooting and that Hamilton threatened Snell. She saw the gun and saw Hamilton shoot twice. Davis had known Hamilton for three months prior to the shooting.

Snell testified that he saw Hamilton and his friend on the porch and he joined them there. He did not know Hamilton, had never seen him before, and did not see him again until trial. But he got into a conversation with Hamilton about the fact that he was trying to locate some marijuana. Hamilton then asked Snell what he was doing and then shot Snell twice. Snell testified that after he fell, Hamilton "stood over me and shot me three more times." Because of Snell's condition and the detective's busy schedule at the time, Snell was never shown the photographic lineup. But Snell identified Hamilton in court as the person who shot him.

Evidence was also presented regarding Hamilton's prior felony record. The evidence was sufficient to support the convictions.

2. Hamilton contends the trial court erred by charging the jury that, with regard to reliability of identification, the jury could consider several factors, including "the level of certainty shown by the witness about his or her identification." The charge clearly violated the holding in *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005). "Even so, the giving of such an instruction does not require reversal when there is other significant evidence corroborating the eyewitness identification. *Woodruff v. State*, 281 Ga. 235, 236 (2) (637 SE2d 391) (2006)." *Swanson v. State*, 282 Ga. 39, 43-44 (5) (644 SE2d 845) (2007). For instance, "[an] eyewitness's prior knowledge of the perpetrator militates against a finding of harm from the giving of the 'level of certainty' language." *Sampson v. State*, 282 Ga. 82, 85 (5) (646 SE2d 60) (2007). Here, three witnesses who knew Hamilton before the shooting identified him as the shooter, and one saw him holding the gun. See, e.g., *Dunson v. State*, 275 Ga. App. 515, 517 (2) (621 SE2d 525) (2005).

Furthermore, the trial court instructed the jury about the State's burden of proving [Hamilton's] identity as the

perpetrator beyond a reasonable doubt as well as other relevant considerations; therefore, the jury charge on level of certainty was harmless as it is highly probable that it did not contribute to the verdict.

*Swanson*, 282 Ga. at 44 (5).

3. Hamilton's contention that the trial court erred by charging the jury that "[i]t is not essential for the State to locate bullets or bullet holes or expended shells to establish the crime of aggravated assault" is controlled adversely to him by *Willis v. State*, 214 Ga. App. 479, 480 (5) (448 SE2d 223) (1994).

4. Hamilton contends his character was improperly placed into evidence. A detective was asked what he did after he learned that the primary suspect was Hamilton. The officer replied, "I went and ascertained a photograph of Mr. Hamilton, and I searched through our databases and came up with a photo lineup, which I showed to everyone." Hamilton objected, but the State correctly pointed out that the statement did not impugn Hamilton's character. The officer did not say that he obtained Hamilton's photograph from the "databases." We find no error.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED MAY 22, 2008.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney*, for appellee.