**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 12, 2016**

# In the Court of Appeals of Georgia

A14A0598. SPRINGER v. THE STATE.

RAY, Judge.

Upon the first consideration of this case and relying upon the precedent of *Jackson v. State*, 276 Ga. 408, 410-413 (2) (577 SE2d 570) (2003), this Court reversed Roderick Lanier Springer's convictions for aggravated assault and involuntary manslaughter based on reckless conduct, and remanded the case for a new trial, on the ground that these verdicts are mutually exclusive. *Springer v. State*, 328 Ga. App. 654 (762 SE2d 433) (2014) ("*Springer I*").[1] In *State v. Springer*, 297 Ga. 376 (774 SE2d 106) (2015) ("*Springer II*"), the Supreme Court of Georgia overruled its holding in *Jackson*, supra, and reversed this Court's decision in *Springer I*. We,

---

[1] This Court also reversed Springer's conviction for possession of a firearm during the conviction of a felony as a result of our reversal of the predicate felonies. Id. at 657 (1), n. 5.

therefore, vacate our earlier opinion, adopt the opinion of the Supreme Court as our own as it relates to the issue of mutually exclusive verdicts, and address Springer's remaining enumerations of error: that the trial court erred in refusing to charge the jury on transferred justification and that the trial court erred in instructing the jury that it could consider a witness's level of certainty regarding identification. For the following reasons, we affirm Springer's convictions for aggravated assault, involuntary manslaughter, and possession of a firearm during the conviction of a felony.

The following pertinent facts were set forth in *Springer I* at 654:

The evidence presented at trial shows that, in the early morning hours of August 2, 2002, there was a large crowd of people in the parking lot of a Krystal restaurant when a fight broke out. Springer's co-defendant, Travis Barber, arrived with several friends during the melee. Shortly after he arrived, Barber climbed on top of a car, pulled a gun out of his pants, waved it around, and started shooting. There was also evidence that Springer was in the crowd and shooting a gun. When police officers arrived at the scene, they found a man lying between two cars in the parking lot. The victim, Latorrious Mitchell, was an innocent bystander who had been shot in the back and killed.

1. Springer first contends that the trial court erred by refusing to give his requested jury instruction regarding transferred justification. See *Crawford v. State*,

2

267 Ga. 543, 544 (1) (480 SE2d 573) (1997) (Under the principle of transferred justification, "no guilt attaches if an accused is justified in shooting to repel an assault, but misses and kills an innocent bystander") (citations omitted). Springer argues that the jury could have concluded, based upon the evidence, that he did not intend to shoot Mitchell and that his conduct in shooting at Barber was in self-defense because several witnesses testified that Barber fired the first shot. Therefore, Springer argues, the jury could have found that he was justified in the shooting under the transferred justification doctrine.

The record shows, however, that rather than give Springer's requested charge on transferred justification, the trial court instructed the jury on justification, self-defense, mis-apprehension of fact and intent. It further charged the jury that accident or speculation of guilt was insufficient to authorize a conviction. Further, at the request of Springer's counsel, the trial court did not charge the jury on transferred intent. Although "the better practice may have been for the trial court to include a specific charge on transferred justification, considered as a whole the court's charge made clear to the jury that it should acquit [Springer] if it determined he was justified in firing his weapon, regardless of whom the bullet struck." (Citation omitted.) *Allen v. State*, 290 Ga. 743, 746 (3) (723 SE2d 684) (2012). See also *Wallace v. State*, 306

3

Ga. App. 118, 120 (1) (701 SE2d 554) (2010) (In order for a refusal to charge to be error, the request must be entirely correct and accurate; adjusted to the pleadings, law and evidence; and not otherwise covered in the general charge). We find no abuse of discretion. Id.

2. During the charge, the trial court instructed that the jurors could consider a witness's level of certainty regarding identification. Citing to *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005), Springer contends that such an instruction was harmful. In *Brodes*, our Supreme Court disapproved of charging "jurors [that] they may consider a witness's level of certainty when instructing them on the factors that may be considered in deciding the reliability of that identification." Id. at 442.[2] The State concedes that such instruction was in error*,* but argues that such error was harmless in the light of overwhelming evidence. We agree.

"[T]he giving of such an instruction does not require reversal when there is other significant evidence corroborating the eyewitness identification." (Citation and punctuation omitted.) *Bryson v. State*, 316 Ga. App. 512, 517 (2) (729 SE2d 631)

---

[2] While our Supreme Court disapproved the use of this instruction in *Brodes* in a 4-3 decision, interestingly, this Court has held that it is not improper for an eyewitness to testify about his degree of certainty or even for the State to elicit such testimony from a witness. *Best v. State*, 279 GA 309 (630 SE 2d 900) (2006); *Clark v. State*, 285 Ga. App. 182 (645 SE2d 671) (2007).

(2012). For example, "an eyewitness's prior knowledge of the perpetrator militates against a finding of harm from the giving of the 'level of certainty' language." (Citation and punctuation omitted.) *Hamilton v. State*, 291 Ga. App. 655, 656 (2) (662 SE2d 759) (2008) (trial court's error in giving 'level of certainty' jury instruction was harmless in light of the fact that three witnesses who knew defendant before the shooting identified him as the shooter and one saw him holding the gun).

Here, Corey Turner, a witness to the incident, testified that he knew Springer prior to the incident. Turner identified Springer as the shooter at trial and testified that he saw Springer with a gun, but did not see him shoot it. Another witness, Dwayne Kidd, testified at trial that he knew Springer prior to the incident and that he saw him at the Krystal parking lot during the incident, but that he did not see Springer with a gun. However, Kidd's testimony was impeached through an earlier statement he gave to an investigating officer that he did, in fact, see Springer holding and shooting a gun during the incident. "Furthermore, the trial court instructed the jury about the State's burden of proving [Springer's] identity as the perpetrator beyond a reasonable doubt as well as other relevant considerations; therefore, the jury charge on level of certainty was harmless as it is highly probable that it did not contribute to the verdict." (Citation and punctuation omitted.) Id. at 656-657 (2).

*Judgment affirmed. Andrews, P. J., and McFadden, J., concur.*