## A03A1468. MANN v. THE STATE.
(587 SE2d 288)

MILLER, Judge.

Following a jury trial, David Mann was convicted of attempted aggravated sodomy. On appeal he contends that (1) the evidence presented at trial was insufficient to sustain the conviction and (2) the trial court erred in failing to give Mann's requested jury charge on simple assault. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that the victim was out jogging near her home when she saw Mann sitting beneath a bridge masturbating. Mann yelled obscenities at the victim, ordered her to perform oral sex on him, and chased her. The victim attempted to run away from Mann, but Mann caught up to her, grabbed her, ordered her again to perform oral sex on him, and began forcing the victim's head toward his exposed penis. The victim managed to break free from Mann, run to her home, and call the police. The police arrived within minutes, and the victim rode with the police to identify her attacker. The police found Mann near the area where the attack had occurred, and the victim immediately identified him as her attacker.

At trial, Mann requested a jury charge on simple assault. The court refused to give the charge, reasoning that the evidence revealed that either Mann committed attempted aggravated sodomy or he did not, and that a charge on simple assault therefore was not warranted. The jury found Mann guilty of attempted aggravated sodomy, and Mann now appeals.

1. Mann argues that the evidence presented at trial was insufficient to sustain his conviction for attempted aggravated sodomy. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person can be guilty of criminal attempt to commit aggravated sodomy "when, with intent to commit [aggravated sodomy], he performs any act which constitutes a substantial step toward the commission of that crime. . . ." OCGA § 16-4-1. That crime here is defined as forcibly "perform[ing] or submit[ting] to any sexual act involving the sex organs of one person and the mouth or anus of another . . . against the will of the other person. . . ." OCGA § 16-6-2 (a).

Here the victim's testimony revealed that Mann attacked her and attempted to force her to perform oral sex on him. The victim only escaped after struggling to break free from Mann and running to her home. The evidence sufficed to sustain the conviction for criminal attempt to commit aggravated sodomy. See *Tenant v. State*, 218 Ga. App. 620-621 (1) (462 SE2d 783) (1995); OCGA §§ 16-4-1; 16-6-2 (a).

2. Mann contends that the trial court erred in failing to give his requested jury charge on simple assault. We disagree.

All of the evidence here revealed either that Mann was guilty of attempted aggravated sodomy or that no crime occurred. Indeed, Mann's entire defense was based on the theory that he was not the person who attacked the victim and had never even seen her on the day of the attack. When the evidence reveals, as it does here, that either the completed offense occurred or no crime occurred at all, it is not error for the trial court to refuse to give a requested charge on a lesser included offense. *Tremble v. State*, 162 Ga. App. 761, 762-763 (3) (292 SE2d 442) (1982).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 10, 2003.

*John R. Mobley II*, for appellant.

*J. Gray Conger, District Attorney, Michael E. Craig, Assistant District Attorney*, for appellee.