## A08A0629. BURDEN v. THE STATE.
### (660 SE2d 481)

BLACKBURN, Presiding Judge.

Following a jury trial, Larraquette Burden appeals his conviction of armed robbery (one count) and aggravated assault (three counts), contending that (1) the evidence was insufficient to support the verdict, (2) the trial court erred by not charging the jury on robbery by intimidation as a lesser included offense of armed robbery, and (3) the trial court erred by not charging the jury on self-defense. Because there was sufficient evidence to support the verdict and because Burden did not request the omitted jury charges in writing, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Punctuation omitted.) *Eady v. State*.[1]

So viewed, the evidence shows that while Altravious Thomas waited with a friend in the friend's SUV to pick up a car at a car wash, Burden pulled in behind the SUV in a Lincoln sedan, blocking in Thomas and his friend. Burden got out of the Lincoln with a gun and approached Thomas, demanding $200 and accusing Thomas of selling him defective drugs. Burden put the gun to Thomas's side and

---

[1] *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

threatened, "Give it up right now or I'm gonna shoot you." Not having the money, Thomas gave his cell phone to Burden, who drove off in the Lincoln.

Thomas quickly followed in the SUV and called 911 with his friend's cell phone. As Thomas and his friend neared Burden, Burden stopped his car, got out, and started firing his gun at Thomas and his friend. The gunfire missed Thomas and his friend, but one bullet hit a bystander sitting on his front porch. Burden then got back in his car and fled the scene.

After Thomas later identified Burden in a photo lineup, Burden was charged with one count of armed robbery and four counts of aggravated assault. Following a jury trial in which he was found guilty on all counts (with one aggravated assault charge merging into the armed robbery charge), Burden moved for a new trial, which motion was denied, giving rise to this appeal.

1. Burden contends that the evidence was insufficient to support the verdict. We disagree.

When we review a challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia.*[2]

(a) With respect to the armed robbery charge, OCGA § 16-8-41 (a) provides that "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon." Here, Thomas testified that Burden took his cell phone while Burden pointed a gun at Thomas and threatened to shoot him. This evidence sufficed to support the guilty verdict as to the armed robbery charge. That there was allegedly conflicting evidence or that other witnesses could not testify as to the same facts is not cause for reversal, as "[t]he testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. See *Dunn v. State*[3] ("the victim's testimony alone is sufficient to authorize the jury's verdict of guilty beyond a reasonable doubt") (punctuation omitted).

(b) With respect to the aggravated assault charges, OCGA §§ 16-5-20 (a) and 16-5-21 (a) (2) define the crimes of which Burden was convicted, i.e., using a deadly weapon (a gun) (i) in an attempt to commit a violent injury to the person of another, or (ii) in an act which places another in reasonable apprehension of immediately receiving a violent injury.

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).
[3] *Dunn v. State*, 262 Ga. App. 643, 645 (1) (586 SE2d 352) (2003).

Here, Burden was convicted of three counts of aggravated assault based on the bystander who was shot and Burden's shooting at Thomas and his friend. Burden contends that the evidence did not show that he was the shooter, or that (if he was) the evidence did not show that he was shooting at Thomas and his friend. However, at trial, Thomas testified that after he and his friend chased Burden, Burden "got out of the car and started firing . . . then me and [the friend] ducked down in the truck." Further, an eyewitness testified that the driver of the car (Burden) was shooting at the SUV (in which Thomas and his friend rode). This testimony sufficed to show that Burden was the shooter and that he was shooting at Thomas and his friend, especially in light of the evidence of Burden's robbery of Thomas at gunpoint and the immediate pursuit by Thomas and his friend. See OCGA § 24-4-8. Finally, there was testimony from at least one witness that the bystander was hit at the scene where Burden was the shooter. Accordingly, the jury was authorized to find Burden guilty of the aggravated assault counts. See *Thompson v. State*.[4]

2. Burden contends that the trial court erred by not charging the jury on the lesser included charge of robbery by intimidation. However, Burden did not request in writing that such a charge be given. "Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error." (Punctuation omitted.) *Hawkins v. State*.[5] Further, Burden did not take the stand and testify, and there was no other evidence that Burden did not have a gun, despite three witnesses testifying to seeing Burden with the gun at the car wash where he robbed Thomas. Therefore, as the evidence did not show the lesser included charge of robbery by intimidation, the trial court did not err in failing to give the charge (even if it had been requested in writing). See *Jordan v. State*[6] (finding no error in trial court's failure to charge on robbery by intimidation where there was no evidence that a gun was not used in armed robbery); *Carter v. State*.[7]

3. Burden also contends that the trial court erred by failing to charge the jury on self-defense, which he contends was his sole defense. However, because the record is clear that self-defense was not Burden's sole defense, this enumeration is without merit.

Although Burden did not submit a written request for a charge on self-defense, "[t]he trial court must charge the jury on the defendant's sole defense, even without a written request, if there is some

---

[4] *Thompson v. State*, 281 Ga. App. 627, 629 (1) (636 SE2d 779) (2006).

[5] *Hawkins v. State*, 267 Ga. 124, 125 (3) (475 SE2d 625) (1996).

[6] *Jordan v. State*, 278 Ga. App. 126, 130 (3) (628 SE2d 221) (2006).

[7] *Carter v. State*, 257 Ga. App. 620, 622 (1) (571 SE2d 831) (2002).

evidence to support the charge." *Tarvestad v. State.*[8] Therefore, Burden argues that the trial court should have charged the jury on self-defense. However, Burden's contention that self-defense was his sole defense (or was even argued) is belied by the record. At trial, Burden's counsel began her opening statement by saying, "Members of the jury, this case is going to be about misidentification." During the State's case-in-chief, Burden's counsel pressed the State's witnesses on their identification of Burden, challenging their opportunity to view him, impugning their descriptions, and attacking a photo lineup. At closing argument, Burden's trial counsel asserted that "Larraquette Burden did not rob anybody. Larraquette Burden did not shoot anyone. . . . From the evidence in the case you know that the answer is, 'No, he didn't do this.' This is a case about mistaken identity." Therefore, as self-defense was not Burden's only defense (nor did he even argue it at trial), and as Burden did not request a charge on self-defense in writing, we discern no error. See *Rowland v. State.*[9]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 3, 2008 — 

*Agis R. Bray III,* for appellant.
*Kenneth B. Hodges III, District Attorney, Shelly D. Faulk, Assistant District Attorney,* for appellee.

---

[8] *Tarvestad v. State,* 261 Ga. 605, 606 (409 SE2d 513) (1991).
[9] *Rowland v. State,* 228 Ga. App. 66, 68 (1) (491 SE2d 119) (1997).