### A09A2286. ENGLISH v. THE STATE.
(689 SE2d 130)

PHIPPS, Judge.

Following a jury trial, Jason English was convicted of, among other offenses, criminal attempt to commit aggravated sodomy. He contends that the evidence was insufficient to support the criminal attempt conviction. We disagree and affirm.

When an appellant challenges the sufficiency of the evidence to support the conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] The appellant no longer enjoys a presumption of innocence, and an appellate court determines only the legal sufficiency of the evidence and does not weigh the evidence or assess the credibility of the witnesses.[2]

The victim testified that on October 14, 2007, English attacked her in a restaurant bathroom. She testified that someone banged forcefully on the door of her stall. When she opened the door, she saw English standing in front of the stall, facing her. English grabbed her by her shoulders and threw her against the stall door, causing her to hit her head. English then grabbed the victim's hair and violently forced her face into his crotch, one to two inches away from him. She fought English and escaped from him. She testified that she thought English was trying to rape her. A woman in a neighboring stall testified that she heard sounds of a struggle, banging noises, and a woman calling for help, also leading her to believe that English was trying to rape the victim.

English contends that these actions did not authorize a jury to find him guilty of criminal attempt to commit aggravated sodomy because he remained fully clothed, did not speak to the woman, and

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979) (citation and emphasis omitted).

[2] *Segel v. State*, 293 Ga. App. 506 (1) (667 SE2d 670) (2008).

did not touch either his or her sex organs. We disagree.

> A person can be guilty of criminal attempt to commit aggravated sodomy when, with intent to commit aggravated sodomy, he performs any act which constitutes a substantial step toward the commission of that crime. That crime here is defined as forcibly performing or submitting to any sexual act involving the sex organs of one person and the mouth or anus of another against the will of the other person.[3]

An act constituting a "substantial step" is one

> done in pursuance of the intent, and more or less directly tending to the commission of the crime. In general, the act must be inexplicable as a lawful act, and must be more than mere preparation. Yet it can not accurately be said that no preparations can amount to an attempt. It is a question of degree, and depends upon the circumstances of each case. The phrase "inexplicable as a lawful act" does not mean that the act itself must be unlawful. Rather, it means that the act, in light of previous acts, constitutes a substantial step toward the commission of a crime.[4]

The "substantial step" requirement "shifts the emphasis from what remains to be done to what the actor *has already done*. The fact that further steps must be taken before the crime can be completed does not preclude such a finding that the steps already undertaken are substantial."[5]

The evidence presented at trial showed that English forced the victim's mouth into close proximity with his sex organ while she screamed for help, kicked and fought him. From this evidence, a reasonable trier of fact could have found that English had the necessary criminal intent to commit aggravated sodomy and that, had the woman not been able to escape the bathroom stall, English would have forced her to engage in sodomy, thereby demonstrating that English had taken a substantial step toward committing aggravated sodomy even though he had not spoken, touched his or the victim's sex organs, or exposed his genitals when these violent acts

---

[3] *Mann v. State*, 263 Ga. App. 131 (1) (587 SE2d 288) (2003) (citations and punctuation omitted); see OCGA §§ 16-4-1; 16-6-2 (a).

[4] *Dennard v. State*, 243 Ga. App. 868, 871-872 (1) (a) (534 SE2d 182) (2000); see also *Wittschen v. State*, 259 Ga. 448 (1) (383 SE2d 885) (1989); *Ogburn v. State*, 296 Ga. App. 254, 255 (1) (a) (674 SE2d 101) (2009) (citation omitted).

[5] *Smith v. State*, 189 Ga. App. 27, 29-30 (1) (375 SE2d 69) (1988) (citation and punctuation omitted; emphasis in original).

occurred.[6] The cases cited by English, in which the defendants were unclothed or verbally threatened their victims with sodomy, do not stand for the proposition that such acts are required for a reasonable trier of fact to find that a defendant had taken a substantial step toward committing aggravated sodomy.[7]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED JANUARY 5, 2010.

*Jennifer R. Burns, Jill E. Roth*, for appellant.
*Larry Chisolm, District Attorney, Isabel M. Pauley, Assistant District Attorney*, for appellee.

---

[6] See *Johnson v. State*, 284 Ga. App. 147, 148-149 (1) (b) (643 SE2d 556) (2007) (evidence sufficient to support conviction for criminal attempt to commit aggravated child molestation where jury could find that, had child consented to defendant's request, defendant would have performed oral sex on child). Cf. *Dennard*, supra at 872-873 (1) (a), (b) (defendant's being in the physical presence of the victim was not required to show criminal attempt to commit child molestation and statutory rape; thus, indictment was not defective for failing to allege this fact).

[7] See *Howard v. State*, 272 Ga. 242, 244 (2) (527 SE2d 194) (2000) (defendant forced himself upon woman in bathroom stall, pulled down his pants, grabbed woman, and tried to force her to perform sodomy); *Bissell v. State*, 157 Ga. App. 711-712 (1) (278 SE2d 415) (1981) (nude defendant advanced upon woman in her bedroom, pointed at his genitals, and ordered her to perform sodomy). English also cites *Williams v. State*, 206 Ga. App. 305 (425 SE2d 382) (1992); we find this case, which involved the *acquittal* of a defendant for criminal attempt to commit aggravated sodomy, inapposite.