### A11A0639. McCRARY v. THE STATE.
(712 SE2d 622)

BARNES, Presiding Judge.

A jury convicted Dezreal McCrary of aggravated assault and aggravated assault with intent to rob. On appeal from the denial of his motion for a new trial, McCrary contends that there was insufficient evidence to support his convictions; that the trial court erred by giving the "level of certainty" portion of the jury charge on the reliability of eyewitness identification; and that his trial counsel was ineffective. For the reasons discussed below, we affirm.

Following a criminal conviction, we view the evidence in the light most favorable to the jury verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). So viewed, the evidence showed that on the evening of December 8, 2005, the victim was standing outside a bar in Fulton County. While outside the bar, the victim was speaking on his cell phone with his father when he noticed an individual later identified as McCrary approaching him. McCrary pulled a gun from his pocket and pointed it directly at the victim. McCrary and the victim then struggled over the cell phone, and the victim called out to the patrons in the bar for help. When a friend of the victim ran out of the bar to aid the victim, McCrary "cut and r[a]n." As he did so, McCrary turned around and fired three shots, and one bullet struck the victim's arm. McCrary got into the passenger seat of a Nissan Sentra and fled from the scene. Both the victim and his friend gave a description of the vehicle and McCrary to a police officer responding to the scene.

The next day, officers responded to a call of "shots fired." The officers encountered a vehicle that was similar to the vehicle described by the victim and his friend. When the officers approached the vehicle, it sped off. A few minutes later, officers found the vehicle abandoned and wrecked. While searching for the passengers of the wrecked vehicle, officers found McCrary under a stairwell and took him into custody.

The victim subsequently identified McCrary out of a photographic lineup as the individual who attacked him. During trial, the victim and his friend also identified McCrary in court as the attacker.

1. McCrary challenges the sufficiency of the evidence supporting his convictions. On appeal from a criminal conviction, we do not weigh the evidence or assess the credibility of the witnesses, but only decide whether the evidence was sufficient to allow a rational jury to find the defendant guilty beyond a reasonable doubt of the charged

offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). That test clearly was met in this case. The testimony of the victim and his friend in which they identified McCrary as the perpetrator was sufficient to convict him of the charged offenses. See *Burden v. State*, 290 Ga. App. 734, 735 (1) (a) (660 SE2d 481) (2008). Regardless of any inconsistency in the testimony, it was for the jury to assess witness credibility and resolve any conflicts in the evidence, and the jury chose to believe the victim and his friend. See *Williams v. State*, 300 Ga. App. 839, 840 (1) (a) (686 SE2d 446) (2009).

2. Relying on *Brodes v. State*, 279 Ga. 435, 442 (614 SE2d 766) (2005), McCrary next argues that the trial court erred by giving the "level of certainty" charge in instructing the jury on the reliability of eyewitness identification.[1] In *Brodes*, the Supreme Court of Georgia advised trial courts to refrain from instructing jurors that they may consider a witness's level of certainty. Id. The Supreme Court further concluded that the giving of the instruction constituted harmful error under the circumstances of that case. Id.

Significantly, however, McCrary did not specifically object to the giving of the "level of certainty" charge. Hence, he waived any objection he might have had, unless he can show that the giving of the charge "constitute[d] plain error which affect[ed] substantial rights of the parties." OCGA § 17-8-58 (b).[2] McCrary has failed to make such a showing in this case. McCrary's trial counsel thoroughly cross-examined the victim regarding his ability to have accurately identified McCrary as the assailant. Furthermore, the victim interacted with McCrary at close range, described him to police immediately after the attack, and positively identified him in a photographic lineup, in

---

[1] The trial court instructed the jury:

Identity is a question of fact for you to determine. Your determination of identity is dependent upon the credibility of the witness or witnesses offered for this purpose. You should consider all of the factors previously charged you regarding credibility of witnesses. Some but not all of the facts that you may consider in assessing the liability [sic] of identification are the opportunity of the witness or witnesses to view the alleged perpetrator at the time of the alleged incident, the witness' degree of attention towards the alleged perpetrator at the time of the alleged incident, *the level of certainty shown by the witness about his or her identification*, the possibility of mistaken identity, whether the witness' identification may have been influenced by factors other than the view that the witness claim [sic] to have, and whether the witness on any prior occasion did not identify the defendant in this case as the alleged perpetrator.

[2] McCrary's trial occurred in October 2007. OCGA § 17-8-58 (a), effective July 1, 2007, requires that a defendant "inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate." Failure to comply with subsection (a) "preclude[s] appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties." OCGA § 17-8-58 (b).

addition to identifying him in court. Another eyewitness, the victim's friend, also identified McCrary as the attacker. Moreover, McCrary's attempt to elude the police after fleeing from a vehicle that was consistent with the one described by the victim and his friend could be taken into account by the jury. See *McKenzie v. State*, 284 Ga. 342, 345 (3) (a) (667 SE2d 43) (2008). Lastly, the jury was specifically instructed that the State had to prove the identity of the assailant beyond a reasonable doubt, and that it was the duty of the jury to acquit the defendant if the State failed to meet its burden of proof in this regard. Given these combined circumstances, McCrary cannot demonstrate that the giving of the "level of certainty" charge constituted plain error requiring the reversal of his convictions. See id.; *Williams*, 300 Ga. App. at 844-845 (3) (a).

3. McCrary argues that his trial counsel was ineffective for not objecting to the "level of certainty" charge. We disagree. For McCrary to prevail on his claim of ineffective assistance of counsel, he must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. See *Hubert v. State*, 297 Ga. App. 71, 76 (7) (676 SE2d 436) (2009). McCrary cannot establish prejudice for the same reasons discussed in Division 2. Accordingly, he cannot prevail on his ineffective assistance claim.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED JUNE 21, 2011.

*Cromwell & Hibbert, Henry A. Hibbert*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Paige R. Whitaker, Stephany J. Luttrell, Assistant District Attorneys*, for appellee.